IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINDSAY NIEBUHR,

                Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　OPINION and ORDER

ANDREW SAUL,　　　　　　　　　　　　　　　　　18-cv-720-jdp
  Commissioner of Social Security,

                Defendant.

---

Plaintiff Lindsay Niebuhr appealed the decision of the commissioner of the Social Security Administration denying her application for disability insurance benefits and supplemental security income. The court remanded the case to the agency for further proceedings on the parties' stipulated motion and awarded Niebuhr's attorney, Dana W. Duncan, $5,579.82 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 15 and Dkt. 17. After remand, the commissioner awarded Niebuhr $75,334 in past-due benefits and reserved 25 percent of that award, $18,833.50, for attorney fees. Dkt. 18-2, at 4.

Under 42 U.S.C. § 406(b), the court may award a prevailing plaintiff's attorney a fee of up to 25 percent of past-due benefits. Duncan moves for an attorney fee award of $6,920.18, which represents 25 percent of Niebuhr's past-due benefits, $18,833.50, less the $5,579.82 Duncan has already received in EAJA fees and less $6,333.50 in fees that Duncan seeks for his work at the administrative level. Dkt. 20. The commissioner doesn't oppose Duncan's fee request. Dkt. 22.

Although Duncan's fee request does not exceed § 406(b)'s cap of 25 percent of past-due benefits, he still must show that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S.

789 (2002). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989)).

The court concludes that Duncan's requested fee is reasonable. Duncan submits a record of his time showing that he performed 22.9 hours of work in this court. Dkt. 18-3. This yields an effective rate of approximately $579 per hour. This rate is elevated, but the court has approved significantly higher rates under § 406(b) for comparable results. *See, e.g.*, *DeBack v. Berryhill*, No. 17-cv-924-jdp, Dkt. 31 (W.D. Wis. May 4, 2020) (approving effective rate of $800 per hour); *Fischer v. Saul*, No. 17-cv-327-jdp, 2019 WL 5310676 (W.D. Wis. Oct. 21, 2019) (approving effective rate of $641 per hour); *Ferg v. Berryhill*, No. 15-cv-665-jdp, 2018 WL 3574874 (W.D. Wis. July 25, 2018) (approving effective rate of $777 per hour).

Niebuhr agreed to a contingent fee of 25 percent of any back benefits awarded. Dkt. 18-1. Duncan's elevated hourly rate reflects the risk of non-recovery under contingent fee agreements, which are necessary to encourage attorneys to represent Social Security claimants on appeal. *See McGuire*, 873 F.2d at 980.

The requested fee is reasonable in light of Duncan's experience, his risk of non-recovery, the results he obtained, and the amounts awarded in similar cases. Because Duncan isn't requesting the full amount reserved by the commissioner but is rather offsetting his fee request by the $5,579.82 he's already received under the EAJA, he doesn't have to return his earlier fee award to Niebuhr. *See Gisbrecht*, 535 U.S. at 796.

ORDER

IT IS ORDERED that Dana W. Duncan's motion for $6,920.18 in attorney fees under 42 U.S.C. § 406(b), Dkt. 20, is GRANTED.

Entered November 4, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge